Patricia NORMAN, Plaintiff,

v.

Dr. Donald LEVY, Tyra Cosmetics, Inc., and Lynn Jahncke, Defendants.

No. 90 C 0128.

United States District Court, N.D. Illinois, E.D.

Dec. 12, 1990.

Donald G. Weiland, Chicago, Ill., for plaintiff.

Norman P. Jeddeloh, Steven Pascal Gomberg, Michael Alan Kraft, Siegan, Barbakoff & Gomberg, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Plaintiff, Patricia Norman ("Norman"), is suing defendants, Dr. Donald Levy, Tyra Cosmetics, Inc., and Lynn Jahncke (collectively, "Tyra"), claiming that she was the victim of sex discrimination while employed by Tyra. Tyra has moved to dismiss this action for lack of subject matter jurisdiction. Inasmuch as neither side to this dispute has properly framed the relevant is-

sue or presented evidence from which this court can make its own assessment, this court continues Tyra's motion and orders the parties to submit further evidence in accordance with the opinion herein.

## BACKGROUND

On January 9, 1990, Norman filed a five-count complaint against Tyra alleging discriminatory employment practices based upon sex, breach of contract, interference with contract relations, defamation, and battery. Tyra responded by filing a consolidated motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Tyra asserts that this court does not have federal jurisdiction over Norman's Title VII count, nor pendent jurisdiction over the remaining counts, because Tyra is not an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e(b) (1988).

■■■ In support of its motion, Tyra has filed the declaration of Thomas E. Karam, Tyra's accountant and vice president, in which Karam attempts to demonstrate that Tyra never had enough employees during 1987, 1988, or 1989 to qualify as an "employer" under Title VII. In lieu of filing an answer to Tyra's motion to dismiss, Norman has filed a motion to strike Karam's declaration. As Tyra correctly contends, in a purely technical sense a motion to strike is not responsive to a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Nevertheless, inasmuch as the substance of Norman's filing is intended to address the jurisdictional issue at hand, this court will consider her motion to strike to be the functional equivalent of a response to Tyra's motion to dismiss.[1]

## DISCUSSION

■■■ Tyra argues that Norman's complaint should be dismissed because this court does not have subject matter jurisdiction to hear her case. See Fed.R.Civ.P. 12(b)(1); Burke v. Friedman, 556 F.2d 867 (7th Cir.1977). As the party alleging jurisdiction, Norman bears the burden of proof once jurisdiction is challenged and therefore "must submit affidavits and other relevant evidence to resolve the factual dispute regarding the court's jurisdiction." Kontos v. United States Dep't of Labor, 826 F.2d 573, 576 (7th Cir.1987). See also Western Transp. Co. v. Couzens Warehouse & Distribs., Inc., 695 F.2d 1033, 1038 (7th Cir.1982). Norman contends that this court has jurisdiction over her sexual employment discrimination claim pursuant to 42 U.S.C. Sec. 2000e–5 (Title VII) and 28 U.S.C. Sec. 1343(a)(4).[2] In order to come within the purview of Title VII as an "employer," Tyra must be "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year...." 42 U.S.C. § 2000e(b).[3] Application of this jurisdictional standard is a two-step process. First, this court must determine all persons who had the status of an "employee" within the meaning of Title VII at any time during the years in question. Second, this court must confirm that Tyra had at least the minimum number of employees for the minimum number of weeks, distinguishing between hourly and salaried

---

**1.** Norman, for her part, claims that Karam's declaration is defective because Karam failed to affirmatively state that he was competent to testify to the facts in his declaration as required under Rule 56(e) for summary judgment affidavits. As with a summary judgment affidavit, we can infer Karam's competency from the substance of his declaration. See, e.g., Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir.1990) (competence to testify inferred from affiants' positions and the nature of their participation in the matters at issue).

**2.** As this court finds below that it cannot yet resolve the federal jurisdictional issue for Count I of Norman's complaint, it does not address whether it has pendent jurisdiction over the other counts.

**3.** The "current" calendar year refers to the year the alleged discrimination took place. Dumas v. Town of Mount Vernon, 612 F.2d 974, 979 n. 4 (5th Cir.1980), overruled on other grounds, Larkin v. Pullman–Standard Div., Pullman, Inc., 854 F.2d 1549 (11th Cir.1988). Norman was hired in November 1988, and was terminated around April 3, 1989. Therefore, we must count Tyra's employees for 1987, 1988 and 1989.

employees where necessary, to satisfy the jurisdictional threshold.

### 1. *Employees*

Norman and Tyra dispute the employee status of four persons who allegedly worked for Tyra during 1987, 1988 or 1989. Title VII broadly defines an "employee" as "an individual employed by an employer," 42 U.S.C. § 2000e(f), and courts often consider whether a person performed "traditional employee duties" in determining employee status. *See, e.g., Chavero v. Local 241, Div. of Amalgamated Transit Union,* 787 F.2d 1154, 1157 (7th Cir.1986) (board members did not perform traditional employee duties); *EEOC v. First Catholic Slovak Ladies Ass'n,* 694 F.2d 1068, 1070 (6th Cir.1982), *cert. denied,* 464 U.S. 819, 104 S.Ct. 80, 78 L.Ed.2d 90 (1983) (persons who were both directors and officers held to be employees because they maintained records, prepared financial statements, managed the office and drew salaries). Following this broad approach, the Seventh Circuit has counted active, compensated officers as employees under the analogous provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 630(b). *Zimmerman v. North Am. Signal Co.,* 704 F.2d 347, 351–52 (7th Cir.1983).

▪ Norman contends that Karam's count is fatally flawed because it failed to include William Soma (Tyra's President), Michael Hamilton, Lynn Jahncke, and Karam himself as employees.[4] In partial substantiation of her allegations, Norman submits an affidavit in which she avers that William Soma told her that he was a compensated officer and employee of Tyra and that Michael Hamilton admitted to her that he was a vice-president of Tyra who was compensated for his employment duties (Norman Aff. at ¶ 4, 6). Tyra argues that these statements in Norman's affidavit are incompetent because they are inadmissible hearsay. Tyra is wrong. These statements are not hearsay; they are admissions by a party-opponent. *See* Fed.R.

Evid. 801(d)(2). Because Tyra has submitted no evidence to rebut the substance of Norman's affidavit, we find that both William Soma and Michael Hamilton were Tyra employees during some part of 1988 or 1989.

Norman also submits evidence that Lynn Jahncke was a Tyra employee during both 1988 and 1989. Among this evidence are documents signed by Jahncke on behalf of Tyra in 1988, and a letter from Tyra's attorney to Norman's attorney on August 7, 1989, which states not only that Jahncke was an employee before Norman worked for Tyra, but also that Jahncke took over Norman's job after Norman was discharged around April 3, 1989. Again, Tyra's failure to rebut these contentions with any evidence compels us to find that Jahncke was a Tyra employee during some portion of 1988 and 1989.

▪ Finally, Norman suggests that Karam himself may be considered to be a Tyra "employee" for purposes of Title VII. Norman's contention, made for the first time in her reply brief, is no more than a mere afterthought for which she fails to demonstrate any evidence to support a finding in her favor. This court thus finds that Karam is not a Title VII "employee."

### 2. *Counting Method*

Having determined all Tyra "employees" available to be counted for the years 1987, 1988 and 1989, we now turn to the method of counting them in order to determine whether this court has jurisdiction over Tyra under Title VII. Pursuant to 42 U.S.C. § 2000e(b), this court has jurisdiction over Tyra only if Tyra had "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year...." Little legislative history exists to guide parties in application of the standard. In *Zimmerman,* however, the Seventh Circuit articulated a crucial factor to be considered in the counting process—the distinction for counting purposes between

---

**4.** Although Norman failed to suggest Karam's status as a Tyra employee until her reply brief, Tyra has had sufficient opportunity to respond thereto to permit this court freely to address the issue.

hourly and salaried employees. The *Zimmerman* court held that hourly paid workers should not be counted as employees "for days when they were neither working nor on paid leave." *Zimmerman*, 704 F.2d at 354. Implicit in this statement is the requirement that salaried and hourly employees be counted differently. Although the *Zimmerman* court explicitly declined to express an opinion on the correct method of counting salaried employees, they let stand the defendant's method in that case—which on review reflects simple common sense—which counted all salaried employees as employees "for every day of the week they are on the payroll, whether or not they were actually at work on a particular day." *Id.* at 353, 354 n. 6.

▮ In light of *Zimmerman*, it is clear that neither Tyra nor Norman has applied the proper counting method or, for that matter, provided the court with documentation from which it could make its own count. Tyra relies on Karam's declaration in its effort to suggest that this court lacks jurisdiction over Norman's claims. According to Karam, he obtained the information for his count from Tyra's records for 1987, 1988 and 1989, including the employees' W–2 forms, reports filed with states where Tyra had employees (such as employer's contribution and wage reports, and payroll reports for each employee for every day worked), and tally sheets showing daily work of all Tyra employees in 1989. Karam then worked backwards, eliminating weeks from consideration where either less than fifteen employees were on the payroll, or *less than fifteen employees actually worked on each day of the week (and where "none were on paid leave")*. Using this method for each year in question, he found that there were only fourteen weeks in 1989 during which Tyra could possibly have had fifteen or more employees for each day of the week.[5] Although Tyra did not err by omitting from its count those weeks in which

Tyra employed fewer than fifteen workers (as long as the three employees from part 1 of this opinion are included in counting to fifteen), the rest of Tyra's calculations are underinclusive, in that Tyra's method omits from the count salaried employees who were not actually working on any given day.

▮ While Tyra's count tends toward systematic underinclusion of salaried employees, Norman's attempted count is grossly overinclusive on its face. Although she correctly points out the deficiency in Tyra's method of counting, her submission of Tyra's 1988 and 1989 W–2 Forms proves nothing more than the fact that Tyra employed at least 12 employees in 1988 and 45 employees in 1989 (in addition to the three persons held above to be Tyra employees). Relying on these figures alone as evidence of the number of employees for each working day would result in an invariably inflated jurisdictional count.

Furthermore, this court is unable to make its own count of employees from the evidence submitted by the parties. The only determination this court can make with regard to counting employees is that Tyra had an insufficient number of employees in 1987 to confer jurisdiction on this court based on Tyra's employment practices in 1987. Tyra maintains that it only issued two W–2 forms in 1987 and Norman fails to submit any evidence that Tyra employed any employees at all during that year. On the other hand, Tyra's 1988 and 1989 W–2 forms, which Norman did submit, demonstrate that, when William Soma, Michael Hamilton, and Lynn Jahncke are included as employees, Tyra may very well have had at least fifteen employees on the payroll during each of those two years. Given that we have no information on which employees were salaried and which were hourly and worked or were on paid leave for each day, however, we can make no findings as to whether in 1988 or 1989

---

5. Karam's use of fifteen-day work periods as equivalent to two weeks, rather than counting employees based on a seven-day week systematically undercounts employees for jurisdictional purposes. Such undercounting is evidenced by Karam's claim that the third and fourth quarters of 1989 contain twenty-two weeks, where according to any calendar, this half-year period actually consists of twenty-six weeks.

Tyra had at least fifteen employees for every working day in twenty or more weeks.

 Although it may be suggested that Norman has failed to carry her burden of demonstrating the existence of jurisdiction in response to Tyra's contention that it is lacking, it may in some sense also be suggested that Tyra has failed adequately to suggest the absence thereof in light of its own failure properly to address the relevant issues. In light of this failing on both sides, and in light of this court's preference for deciding motions on their merits, this court will continue this motion.

Although Norman has the burden of proving jurisdiction, in light of our findings that William Soma, Michael Hamilton, and Lynn Jahncke are employees for at least some part of 1987, 1988, or 1989, and that the evidence submitted by both sides fails to clarify the jurisdictional issue, this court finds that it is unable to make a finding either way as to its jurisdiction over Norman's case. Therefore, we continue this motion, and request that the parties submit further evidence and a new employee count in light of this court's findings and its concerns outlined above.[6]

## CONCLUSION

For the foregoing reasons, we find that William Soma, Michael Hamilton, and Lynn Jahncke were Tyra "employees" within the meaning of Title VII during at least some portion of 1988 or 1989. Beyond that however, we continue Tyra's motion to dismiss and order the parties to submit additional evidence and a revised count of employees in order to resolve the jurisdictional issue.

---

**6.** While Tyra's concern that this court not be burdened by the "voluminous" documentation on which Karam relied is admirable, this court would be aided by the submission of these documents in reviewing the recount of employees by both parties.