**Sherry J. OSHIVER**

v.

**LEVIN, FISHBEIN, SEDRAN and BERMAN.**

**Civ. A. No. 92–7288.**

United States District Court, E.D. Pennsylvania.

April 5, 1993.

William L. McLaughlin, Jr., Wm. L. McLaughlin Law Offices, Paoli, PA, for plaintiff.

Christine Councill Fritton, Kittredge, Donley, Elson, Fullem & Embick, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This employment discrimination case is before this Court upon motion of the defendant law firm, Levin, Fishbein, Sedran & Berman to Dismiss the Plaintiff's Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). For the reasons which follow, the motion is granted and the Plaintiff's complaint is dismissed.

## I.  HISTORY OF THE CASE

According to the factual averments set forth in her complaint, in May, 1989, plaintiff, Sherry Oshiver, applied to the defendant firm for work as an associate attorney.  In response to that inquiry, Howard Sedran, a partner in the Levin firm, told Ms. Oshiver that while there were no salaried associate's positions open at the time, the firm could offer her employment on an hourly basis and she would be considered for an associate's position if one should become available.  Ms. Oshiver accepted the offer of hourly employment and began working for Levin, Fishbein, Sedran & Berman on May 25, 1989 at the rate of $25.00 per hour.  The complaint further alleges that Ms. Oshiver worked for the Defendant full time on this basis until April 10, 1990 when she was advised by Mr. Sedran that the firm had no more work available for her.  In the course of her attendance at an unemployment compensation hearing on May 21, 1991, however, Ms. Oshiver "first discovered that she had been replaced by a male and that apparently there was work to do at the firm."  As a consequence of this action on the part of the Levin firm and the fact that the male individual hired as an associate was purportedly less qualified and experienced than is the plaintiff, Plaintiff commenced this action seeking declaratory, injunctive and equitable relief, together with, *inter alia,* damages in excess of $100,000 pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*  In support of its motion to dismiss, Defendant argues:  (1) that this Court lacks subject matter jurisdiction because the firm did not have the "fifteen or more employees for each working day in each of twenty or more weeks" required to bring it within the purview of Title VII; and (2) that even if it did have the statutorily-required minimum number of employees, Plaintiff's claims are time-barred because she did not file her claim with the Equal Employment Opportunity Commission ("EEOC") or the Pennsylvania Human Relations Commission ("PHRC") until more than 1½ years after she was notified that no other work was available and she last worked for the defendant firm.  In the absence of federal subject matter jurisdiction, Defendant submits that the Plaintiff's pendent state claim under the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951 should also be dismissed.

## II.  STANDARDS GOVERNING MOTIONS TO DISMISS UNDER FED. R.CIV.P. 12(b)(1) AND 12(b)(6)

It has long been recognized that a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is most frequently employed to challenge the legal sufficiency of a claim or pleading filed in the district courts.  *See, e.g.: United States v. Marisol, Inc.,* 725 F.Supp. 833 (M.D.Pa.1989).  In ruling upon a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account.  5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1357, citing, *inter alia, Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir.1990).  In so reviewing the pleadings and any materials of record, the court must accept as true all of the materials pleaded and all reasonable inferences that can be drawn therefrom, construing them in a light most favorable to the non-moving party.  *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3rd Cir.1990); *Hough/Loew Assoc., Inc. v. CLX Realty Co.,* 760 F.Supp. 1141, 1142 (E.D.Pa.1991); *Ambrogi v. Gould, Inc.,* 750 F.Supp. 1233, 1241 (M.D.Pa.1990).  In this way, the court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a) and whether the plaintiff has a right to any relief based upon the facts pled.  A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.  *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3rd Cir.1988).

Moreover, as a general rule under Fed. R.Civ.P. 8(c):

"In pleading to a preceding pleading, a party shall set forth affirmatively accord

and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, *statute of limitations,* waiver, and any other matter constituting an avoidance or affirmative defense ..." (emphasis supplied)

■ Although the quoted language of this rule would seem to suggest that the statute of limitations defense cannot be raised via a Rule 12(b) motion to dismiss, an exception is made where the affirmative defense clearly appears on the face of the pleading. In this regard, it has been reasoned that since Rule 9(f) makes averments of time material, the inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim. 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d,* § 1357. Consequently, a 12(b)(6) motion should not be granted on limitations grounds unless the complaint facially shows noncompliance with the limitations period. *Morgan v. Kobrin Secur., Inc.,* 649 F.Supp. 1023, 1027–1028 (N.D.Ill.1986). *See Also: Trevino v. Union P. Railroad Co.,* 916 F.2d 1230 (7th Cir.1990).

■ On the other hand, a Rule 12(b)(1) motion to dismiss for want of jurisdiction can be granted when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous. Unlike a Rule 12(b)(6) motion, it is the plaintiff who bears the burden of demonstrating that the requisite jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3rd Cir.1991); *Norman v. Levy,* 756 F.Supp. 1060 (N.D.Ill.1990).

■ If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. *Bartholomew v. Librandi,* 737 F.Supp. 22 (E.D.Pa.1990), aff'd, 919 F.2d 133 (3rd Cir.1990). A Rule 12(b)(1) motion is usually considered an appropriate vehicle when the plaintiff has failed to exhaust administrative remedies that are a prerequisite to his suit. 5A Wright and Mil-ler, *Federal Practice and Procedure: Civil 2d,* § 1350 at 195 (1990). While the court may postpone a decision on the jurisdictional issue in order to allow for the presentation of evidence on that matter if none has been provided or if that which has been offered is inconclusive, once it finds that no jurisdiction exists, it should grant the motion to dismiss. *See, e.g.: Rand v. Monsanto Co.,* 926 F.2d 596 (7th Cir.1991); *Streeter v. Joint Industry Board of Electrical Industry,* 767 F.Supp. 520, 525 (S.D.N.Y.1991).

## III. THE PLAINTIFF'S TITLE VII AND PHRC CLAIMS

As was noted above, the Defendant argues that the complaint against it should be dismissed for two reasons: insufficient subject matter jurisdiction and failure to file within the time prescribed by the statute of limitations. Because this Court finds that this action is, in fact, time-barred, we do not reach the jurisdiction question.

■ Title VII, 42 U.S.C. § 2000e–5, affords a prospective claimant 180 days after the alleged unlawful employment practice occurred to file a complaint with the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e–5(e) The EEOC, in turn, has 180 days from the filing of the charge to review the matter and to take some action with respect to it. If the EEOC (or the Attorney General in cases involving a governmental agency or political subdivision) has not filed suit or entered into a conciliation agreement within that time period, it must so notify the claimant, who then may bring his/her own civil action within ninety days. 42 U.S.C. § 2000e–5(f)(1). This limitations period commences when the plaintiff knows or has reason to know that the discriminatory act has occurred. *Stafford v. Muscogee County Board of Education,* 688 F.2d 1383, 1390 (11th Cir.1982); *Cuffy v. Getty Refining and Marketing Co.,* 648 F.Supp. 802, 808 (D.Del.1986).

■ In appropriate cases, however, statutes of limitations in employment discrimination cases may be equitably tolled and in this circuit there are three principal, though not exclusive situations where the equitable toll-

ing doctrine may properly be invoked: (1) where the defendant has actively misled the plaintiff, (2) where the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum. *Miller v. Beneficial Management Corp.*, 977 F.2d 834, 845 (3rd Cir.1992) citing *Meyer v. Riegel Products Corp.*, 720 F.2d 303, 309 (3rd Cir.1983), *cert. dismissed*, 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984) and *Kocian v. Getty Refining and Marketing Co.*, 707 F.2d 748, 753 (3rd Cir. 1983) *cert. denied*, 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983). While restrictions on equitable tolling must be scrupulously observed, equitable tolling applies where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his or her rights. *Meyer v. Riegel Products, supra*, at 307; *Williams v. Army and Air Force Exchange Service*, 830 F.2d 27, 30 (3rd Cir.1987).

Applying these standards to the instant case and viewing the complaint in the light most favorable to the Plaintiff, we observe that on April 10, 1990, Ms. Oshiver was informed that the Levin law firm had no further work for her at that time. Notwithstanding the above-referenced limitation periods, the Plaintiff did not file her complaints with the PHRC and the EEOC until November 8, 1991—nineteen months later, nor did she commence this lawsuit until December 21, 1992, more than 2½ years after she last worked for Levin, Fishbein, Sedran & Berman. Moreover, we find nothing in either Ms. Oshiver's complaint or the record in this matter which would suggest that the Plaintiff was somehow prevented from asserting her civil rights or that the defendant law firm actively misled her. To the contrary, Plaintiff's only submissions on this point are contained in paragraphs 22 and 28(e) wherein she alleges that she "first discovered that she had been replaced by a male" "while attending an unemployment compensation hearing on May 21, 1991," and that in some unspecified manner, the Defendant "concealed from the plaintiff the fact that positions as associate and as hourly attorneys would be available to qualified applicants." There being nothing further to suggest that Ms. Oshiver

either inquired or investigated the circumstances surrounding her "termination" or that she was somehow hampered, misled or prevented from doing so, we cannot apply the equitable tolling doctrine to this case. Indeed, we conclude that since the Plaintiff here knew or had reason to know that the alleged discriminatory act occurred on April 10, 1990, we find that her action in this Court is barred by the 180-day statute of limitations. This Court therefore no longer has original jurisdiction in this case and we decline to exercise supplemental jurisdiction over Plaintiff's state law claim under the Pennsylvania Human Relations Act. *See:* 28 U.S.C. § 1367(c)(3).

For all of the foregoing reasons, the motion to dismiss is granted.