## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

**Joe Puga, Intervenor,**

**v.**

## CHEMTECH INTERNATIONAL CORP., Housmex, Inc., and Girsa, Inc., Defendants.

**Civ. A. No. H–94–2848.**

United States District Court,
S.D. Texas,
Houston Division.

April 5, 1995.

Guy D. Kidd, E.E.O.C., Houston, TX, for plaintiff,

Donald L. Skipwith, Houston, TX, for Intervenor.

Fritz Barnett, Glickman & Barnett, Houston, TX, for defendant.

Andrew Jubinsky, Figari & Davenport, Dallas, TX, for 3rd party defendant Fortis Benefits Ins.

### *ORDER*

WERLEIN, District Judge.

Pending are Defendants' Motion to Dismiss (Document No. 8), Defendants' Amended Motion to Dismiss (Document No. 28), and Defendants' Amended Motion for Temporary Restraining Order (Document No. 28).[1] Having carefully considered the motions, response, arguments, and authorities submitted by counsel, the Court is of the opinion that Defendants' motions should be DENIED.

Plaintiff Equal Employment Opportunity Commission ("EEOC") brought this action alleging that Defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (Supp.1994) ("ADA"), by discharging and failing reasonably to accommodate Joe Puga in late 1993 because of his disability, Acquired Immune Deficiency Syndrome ("AIDS"). Mr. Puga has since filed an Intervening Complaint making additional allegations under the ADA, as well as asserting causes of action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.,* and Texas law.

Defendants move pursuant to Fed. R.Civ.P. 12(b)(1) to dismiss the EEOC's action asserting that the Court lacks subject matter jurisdiction because Puga's employer, Chemtech International Corp. ("Chemtech"), had fewer than 25 employees at the time that the allegedly discriminatory treatment occurred and thus the ADA does not apply.[2] The EEOC responds, as it pled in its Complaint, that Defendants Chemtech and Housmex, Inc., which are now merged together as Defendant Girsa, Inc. ("Girsa–USA"), were "integrated enterprises" for purposes of the ADA and, considered together, employed at least 25 employees at the time of the conduct in question.[3]

As the party invoking the jurisdiction of the Court, Plaintiff EEOC bears the burden of demonstrating that jurisdiction does in fact exist. *Langley v. Jackson State University,* 14 F.3d 1070, 1073 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 61, 130 L.Ed.2d 19 (1994). The Court may determine its subject matter jurisdiction by reference to (1) the Complaint, (2) the Complaint supplemented by the undisputed facts in the record, or (3) the Complaint supplemented

---

1. Defendants' Amended Motion for Temporary Restraining Order was filed the same day that Defendants' identical Motion for Temporary Restraining Order was denied at the Rule 16 scheduling conference. Defendants' amended (but identical) motion should have been denied as well, and it is, accordingly, DENIED.

2. For the time period at issue in this case, the ADA defines a covered "employer" as "a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person." 42 U.S.C. § 12111(5)(A).

3. Defendants do not assert that Chemtech and Housmex together employed fewer that 25 employees.

by undisputed facts plus the Court's resolution of disputed facts. *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 881 (5th Cir. 1992). Defendants do not attack the sufficiency of the facial pleading of the EEOC's Complaint, but rather attack the jurisdictional facts underlying the Complaint. *See Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir.1981). This factual attack is not, however, supported by competent evidence, but rather by unsupported and unsworn assertions. The EEOC, on the other hand, has produced competent evidence demonstrating jurisdictional facts. Accordingly, the Court's analysis of Defendants' motion relies upon the Complaint supplemented by the uncontroverted facts in the record.

The competent, uncontroverted evidence submitted by the EEOC demonstrates the following facts during the period of time from mid–1993 to December 1, 1993, the effective date of Mr. Puga's termination:

(1) Chemtech and Housmex were both owned by Grupo Industrial Resistol ("Girsa–Mexico"), a Mexican corporation, which was owned by DESC Sociedad de Fomerido Industrial S.A. de C.V., also a Mexican corporation.

(2) At least as of July 1993, Mr. Leopoldo Rodriguez Sanchez served on the Board of Directors of Chemtech and Housmex.

(3) Chemtech and Housmex shared office space, resources, employees, and facilities.

(4) Ms. Maria Jemi–Alade, while still employed and paid by Housmex as its Controller and Human Resource Director, assumed controller and human resource director duties for Chemtech.

(5) Mr. Joaquin Gay, while President of Housmex, was in charge of all administrative matters at Chemtech.

(6) Ms. Jemi–Alade, in a letter copied to Mr. Gay, informed Plaintiff Puga that his request for sick leave had been granted.

(7) Ms. Jemi–Alade, with Mr. Gay's approval, informed Mr. Puga of his termination.

The only reported opinion addressing whether nominally separate corporations should be treated as one integrated enterprise under the ADA applied the standard used in cases arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* *See Doe v. William Shapiro, Esquire, P.C.*, 852 F.Supp. 1246, 1249–52 (E.D.Pa.1994). In this context, the Fifth Circuit has required that the plaintiff present evidence demonstrating: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *Garcia v. Elf Atochem North America*, 28 F.3d 446, 450 (5th Cir.1994). Of these factors, centralized control of labor relations is the most important. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir.1983) ("[T]he critical question to be answered then is: What entity made the final decisions regarding employment matters related to the person claiming discrimination.").

Having considered the EEOC's Complaint and the uncontroverted evidence in the record, the Court finds for jurisdictional purposes that during the time period in which the alleged acts of discrimination against Mr. Puga took place, Chemtech and Housmex had substantially overlapping management, substantially interrelated operations, common ownership, and, most importantly, common control of labor relations. Accordingly, Chemtech and Housmex are properly considered to have been one integrated enterprise for purposes of the ADA, thereby making subject matter jurisdiction over the two corporations and their successor-in-interest, Girsa–USA, proper. For the foregoing reasons, it is

ORDERED that Defendants' Motion to Dismiss (Document No. 8), Defendants' Amended Motion to Dismiss (Document No. 28), and Defendants' Amended Motion for Temporary Restraining Order (Document No. 28) are DENIED.