James KONTOS, Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF LABOR, William Brock, et al., Defendants-Appellees.

No. 86–2414.

United States Court of Appeals, Seventh Circuit.

Argued June 9, 1987.

Decided Aug. 5, 1987.

Robin Potter, Potter & Schaffner, Chicago, Ill., for plaintiff-appellant.

Joseph H. Hatzler, Chief Civil Div., U.S. Dept. of Labor, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, FLAUM, and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

The plaintiff, James Kontos, appeals from the district court decision dismissing his age discrimination complaint brought against the Department of Labor ("DOL") under the 1974 amendments to the Age Discrimination in Employment Act of 1967 ("ADEA"), which govern complaints initiated by federal employees. *See* 29 U.S.C. § 633a (1982). Specifically, the plaintiff challenges the district court's decision which denied him the opportunity, pursuant to 29 C.F.R. § 1613.214(a)(4)(i), to toll the deadline for filing his agency complaint. For the reasons stated below, we vacate the judgment of the district court and remand for further proceedings.

I.

At the time of this employment dispute, the plaintiff was a fifty-eight year old safety specialist and mechanical engineer employed by DOL's Occupational Safety and Health Administration ("OSHA"). On July 22, 1982, the plaintiff applied for a position as OSHA's Assistant Regional Administrator for Technical Support in the Chicago Regional Office. In August, 1982, he was interviewed for the position by the Regional Administrator for OSHA, Alan McMillian. Later that month, the plaintiff learned that he was rejected as a candidate for the position in favor of a thirty-two year old applicant named Kenneth Yotz. He asserts the decision to deny him the promotion was motivated by his age in violation of the ADEA. As evidence of this claim, he states that McMillian told him over lunch about one year earlier that he wanted "young blood in the agency." On May 15, 1983, approximately nine months after the Yotz appointment was announced, the plaintiff filed an informal age discrimination complaint with the agency's Equal Employment Opportunity ("EEO") counselor pursuant to the procedures governing review of discrimination complaints by federal government employees. *See* 29 C.F.R. §§ 1613.211–.236 (1983).

This nine-month delay exceeded the thirty-day deadline set forth under 29 C.F.R. § 1613.214(a)(1)(i) for informing the employing agency of alleged discrimination.[1] The regulation precludes relief in cases in which the agency complaint is not timely

---

1. 29 C.F.R. § 1613.214 provides, in pertinent part:

(a) Time limits. (1) An agency shall require that the complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The agency may accept the complaint for processing in accordance with this subpart only if:

(i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or if a personnel action, within 30 calendar days of its effective date.

filed.[2] However, the plaintiff argues that he is entitled to an extension of the thirty-day deadline under 29 C.F.R. § 1613.-214(a)(4)(i), which provides that the agency shall toll the filing requirements "[w]hen the complainant shows that he was not notified of the time limits and was not otherwise aware of them."

In support of this claim, the plaintiff first asserts that the agency failed to post notice of the filing requirement as required by 29 C.F.R. § 1613.204(f)(4).[3] The government does not dispute the plaintiff's assertion that there was no posting. The plaintiff next claims that he was not made "otherwise aware" of the filing requirement until December, 1983, when the DOL Office of Civil Rights ("OCR") (the office which investigates, mediates, and initially rules on the agency's civil rights complaints) informed him that the complaint was untimely. The plaintiff also claims that he was misled by the advice of certain DOL attorneys, who were not associated with OCR, and by the advice of certain co-workers, which resulted in the filing delay.

After the plaintiff received notice from OCR that the complaint was not timely filed, a hearing was held on the issue before the Director of OCR pursuant to 29 C.F.R. § 1613.217(a). The OCR ruled against the plaintiff and found that he had failed to make "reasonable efforts" to become aware of the filing requirements. For example, the agency noted that the plaintiff failed to contact his EEO counselor until about eight months after the Yotz appointment despite his knowledge of the identity of the counselors and of his general right to seek administrative relief. The agency did not make a finding as to whether the plaintiff was actually aware of the specific filing requirements. The agency decision was appealed to the Equal Employment Opportunity Commission Office of Review and Appeals ("Commission"), and OCR's ruling was summarily affirmed.

■ The plaintiff then filed suit in federal court where the tolling issue was raised in the government's motion to dismiss plaintiff's complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for failure to file a timely agency claim. The district court held that the plaintiff's complaint was time-barred, thus depriving the court of subject matter jurisdiction over the suit. The court's decision, like the decision of the agency, rested on a finding that the plaintiff had failed to diligently pursue his claim.[4]

---

**2.** The plaintiff filed his first complaint in district court on March 1, 1984, after submitting the claim to the agency. In January, 1985, the case was dismissed without prejudice and remanded to DOL to determine whether the thirty-day filing period should have been tolled. The agency held that the tolling provisions did not properly apply, and the decision was upheld on appeal to the Equal Employment Opportunity Commission Office of Review and Appeals. In January, 1986, the present suit was filed in response to the administrative decision denying relief.

**3.** 29 C.F.R. § 1613.204 provides, in pertinent part:
> To implement the program established under this subpart, an agency shall:
> \* \* \* \* \* \*
> (f) Publicize to its employees and post permanently on official bulletin boards:
> \* \* \* \* \* \*
> (3) The name and address of the Equal Employment Opportunity Counselor and the organizational units he serves; his availability to counsel an employee or applicant for em-

ployment ...; and the requirement that an employee or applicant for employment must consult the Counselor as provided by § 1613.-213 about his allegation of discrimination....
> (4) Time limits for contacting an Equal Employment Opportunity Counselor.

**4.** At oral argument, a question was raised as to whether OCR and Commission decisions, which deny tolling under § 1613.214(a)(4), are entitled to deference in federal court proceedings. The parties submitted supplemental briefs on the issue and agreed that the agency decisions were properly reviewed *de novo* by the district court. We agree that such decisions are entitled to *de novo* review. While it is well settled that federal employees, like private sector employees, must receive plenary review of all administrative decisions rendered on the merits of their claims, *see Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), § 1613.-214(a)(4) arguably vests significant power to make tolling decisions (versus a decision on the merits) in the agency. The regulation states that the *"agency* shall extend the time limits in this section...." (emphasis added). Thus, § 1613.214(a)(4) seems to emphasize the agen-

## II.

▮ In *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984), this court held, based on considerations of sovereign immunity, that the time limits for filing employment discrimination claims against the federal government create a prerequisite to federal court jurisdiction. *See also Scott v. St. Paul Postal Service*, 720 F.2d 524 (8th Cir.1983), *cert. denied*, 465 U.S. 1083, 104 S.Ct. 1453, 79 L.Ed.2d 770 (1984); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082 (9th Cir.1983); *Stuckett v. United States Postal Service*, 469 U.S. 898, 105 S.Ct. 274, 83 L.Ed.2d 210 (1984) (White, J., and Rehnquist, J., dissenting from denial of petition for writ of certiorari). *Contra McSwain v. Bowen*, 814 F.2d 617 (11th Cir.1987); *Henderson v. United States Veterans Administration*, 790 F.2d 436, 440 n. 4 (5th Cir.1986); *Hornsby v. United States Postal Service*, 787 F.2d 87 (3d Cir. 1986); *Zografov v. Veterans Administration Medical Center*, 779 F.2d 967 (4th Cir.1985); *Martinez v. Orr*, 738 F.2d 1107 (10th Cir.1984); *Saltz v. Lehman*, 672 F.2d 207 (D.C.Cir.1982). In contrast, the filing requirements in suits against private sector employers are not considered jurisdictional. *Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Mull v. Arco Durethene Plastics*, 784 F.2d 284, 291 (7th Cir.1986). As a result, the tolling provisions in private defendant cases operate more like a statute of limitations, and are thus subject to equitable defenses such as waiver, estoppel, and tolling. *Zipes*, 455 U.S. at 398, 102 S.Ct. at 1135.

▮ Because the filing requirements at issue in this case are jurisdictional, it is the plaintiff's burden to establish that they have been met. *Western Transportation Co. v. Couzens Warehouse & Distributors*, 695 F.2d 1033, 1038 (7th Cir.1982). Moreover, when the party moving for dismissal under Rule 12(b)(1) challenges the factual basis for jurisdiction, the nonmoving party (i.e., the plaintiff) must submit affidavits and other relevant evidence to resolve the factual dispute regarding the court's jurisdiction. *Id.; Crawford v. United States*, 796 F.2d 924, 927 (7th Cir.1986).[5]

The tolling provisions codified by 29 C.F.R. § 1613.214(a)(4)(i) state in unambiguous terms that the "agency *shall* extend the time limits" when the employee establishes that "he was not notified of the time limits and was not otherwise aware of them." (emphasis added). In light of the plain wording of the regulation, this court's ultimate task is relatively simple—because the agency does not dispute that the required notice was not posted, it is only necessary to determine whether the plaintiff has satisfied his burden of proving that he was not otherwise aware of the filing deadline.

First, however, in accordance with the maxim that waivers of sovereign immunity must be narrowly construed, *Sims*, 725 F.2d at 1146, we must determine whether the regulation can be reasonably interpreted in more limited terms that are nonetheless consistent with the regulation's plain language. *See Bowen v. City of New*

---

cy's role in the decision process, which lends support to the view that the federal courts should defer to agency rulings. However, we do not take such a narrow view because it ignores the emphasis placed by the Supreme Court in *Chandler* on the remedial nature of the legislation. Absent a more affirmative indication from the legislative scheme of the ADEA or Title VII that deference should be accorded the agency decision, we cannot dismiss or undermine the rationale of *Chandler*. Moreover, in the context of ADEA cases, it is important to add that the weight of authority indicates that federal employees have the option to exhaust their administrative remedies by bypassing the procedures and simply notifying the employer of their intent to sue. *See* 29 C.F.R. §§ 1613.-501–.521; *Castro v. United States*, 775 F.2d 399,

403 (1st Cir.1985); *Ray v. Nimmo*, 704 F.2d 1480, 1483 (11th Cir.1983); *cf. McIntosh v. Weinberger*, 810 F.2d 1411, 1424–25 (8th Cir. 1987) (reserving judgment on the issue). As a result, it would indeed be inconsistent with the language of the ADEA, which divests authority from the agency, to adopt a deference standard. Therefore, we explicitly uphold the long-presumed position that all agency decisions involving federal employee discrimination claims are entitled to *de novo* review in the federal courts.

5. These procedures and burdens do not typically govern review of the timeliness of an agency complaint in those cases in which the requirement is not considered to be jurisdictional. *See, e.g., Zipes*, 455 U.S. at 398, 102 S.Ct. at 1135; *Zografov*, 779 F.2d at 970.

*York,* 476 U.S. 467, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986); *Diliberti v. United States,* 817 F.2d 1259, 1261 (7th Cir.1987) (collecting cases). Perhaps the only reasonable narrow construction is one that would follow the approach taken by this court in *Wolfolk v. Rivera,* 729 F.2d 1114, 1117 (7th Cir.1984). In *Wolfolk,* we analyzed a related provision of subsection (a)(4)(i), which authorizes tolling if the complainant "was prevented by circumstances beyond his control from submitting the matter within the time limits." The court adopted a test of objective reasonableness to resolve these disputes, which is the standard applied in related private defendant cases addressing the issue. *See, e.g., Reeb v. Economic Opportunity Atlanta,* 516 F.2d 924, 931 (5th Cir.1975).

■ We do not follow this approach, however, because we are convinced that the provision at issue here does not readily lend itself to a similar interpretation. The exception listed for cases in which the complainant was "not notified of the time limits and was not otherwise aware of them" operates not only to benefit specific complainants, but also to enforce the agency's affirmative duty, set out in detailed and mandatory terms in 29 C.F.R. § 1613.-214(f), to inform its employees of the specific filing requirements. The exception discussed in *Wolfolk* does not carry with it the same underlying enforcement considerations. That is, as a general matter, employers have no affirmative legal obligation to inform their employees of the facts surrounding a given employment decision. Therefore, we are concerned that by applying a "prudent person" test to this case, we would shift the focus of the regulation away from a discussion of the employer's responsibilities and toward an analysis based primarily on the employee's level of diligence in pursuing the claim. Lest we inadvisably stray from the regulation's plain meaning and possibly undermine its effectiveness, we reject the prudent person test for judging disputes under the posting provision of subsection (a)(4)(i).[6]

■ This finally brings us to the central question, which is whether the plaintiff has met his burden of establishing that he was not otherwise aware of the filing requirements in light of the government's failure to post them. Both the district court and the agency failed specifically to address this issue and instead relied upon the finding that the plaintiff erred in not diligently pursuing his claim. We therefore remand the case to the district court for a determination with respect to this factual dispute.

### III.

For the foregoing reasons, we vacate the district court's decision dismissing the case for lack of subject matter jurisdiction and remand for reconsideration of the tolling question presented by subsection (a)(4)(i).

VACATED AND REMANDED.

---

**6.** To the extent that this approach differs from the corresponding rule applied in the private defendant cases, *see, e.g., Mull,* 784 F.2d at 291–92; *DeBrunner v. Midway Equipment Co.,* 803 F.2d 950 (8th Cir.1986); *McClinton v. Alabama By-Products Corp.,* 743 F.2d 1483, 1486 (11th Cir.1984), we note that our case is controlled primarily by considerations of administrative law rather than the equitable principles which govern the private sector decisions, *see generally Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required.").