**Ann MARKS, Plaintiff,**

v.

**Thomas K. TURNAGE, Administrator of the Veterans Administration, Defendant.**

No. 87 C 6491.

United States District Court, N.D. Illinois, E.D.

Feb. 26, 1988.

Robert A. Filpi, Paul F. Stack, Stack & Filpi, Chicago, Ill., for plaintiff.

Linda A. Wawzenski, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Civil Div., U.S. Dept. of Justice, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff brought this claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, alleging that defendant discriminated against her

by refusing to hire her for a government position for which she was the only applicant who was both qualified and certified when the vacancy arose (cplt. ¶¶ 12, 14). Plaintiff was 65 when defendant appointed a 28–year old man to fill the vacancy on October 7, 1979 (cplt. ¶¶ 12, 16). His appointment was officially announced on November 9, 1979 (cplt. ¶ 16). One week later plaintiff began pursuing the available administrative remedies (cplt. ¶ 20) and, after receiving a denial notice of her final appeal on July 3, 1987 (cplt. ¶ 25 and cplt. exh. A), she filed a federal complaint on July 22, 1987.

■ Defendant now moves to dismiss, claiming that this action is barred by 28 U.S.C. § 2401(a),[1] the six-year statute of limitations applicable to suits against the United States. Plaintiff asserts that her claim did not accrue until July 3, 1987, when she received the denial of her last appeal, and that the government should be estopped from raising § 2401(a) as a defense since it was the government's fault that plaintiff's claim was not reviewed earlier.[2]

For the following reasons, we hold that we lack jurisdiction over the claim and we grant defendant's motion to dismiss.

## FACTS

Assuming the truth of all well-pleaded facts, plaintiff began her employment with the Veterans Administration (VA) in 1962 (cplt. ¶ 5). Plaintiff began working at government level GS–6 in 1971 and sought a GS–7 position in 1976 at age 61 (cplt. ¶¶ 5–6). Instead of plaintiff, a 33–year old man was hired to fill this position and plaintiff subsequently filed an age discrimination claim (cplt. ¶ 6). Following an investigation, on September 21, 1978 the VA determined that plaintiff had suffered discrimination and retroactively promoted her to the GS–7 level (cplt. ¶ 6). Later that year plaintiff applied for a GS–9 position which was filled by a 28–year old man (cplt. ¶ 11). In April 1979 another GS–9 position became vacant and plaintiff was rated the highest of five candidates who were certified for the GS–9 grade level (cplt. ¶ 12). After three candidates turned down the position a fourth was selected, leaving plaintiff as the only employee who was qualified and certified (cplt. ¶ 12). Plaintiff's certification was to remain valid until November 8, 1979 (cplt. ¶ 12).

On August 24, 1979 a new GS–9 position became vacant but, counter to general practice, this vacancy was not posted (cplt. ¶¶ 13–14). This position remained open and after several attempts to determine why, on November 2, 1979 plaintiff requested an appointment with selection officials in the front office to inquire about the position. On November 9, 1979, the day after plaintiff's certification expired, it was announced that the position was filled by a 28–year old man (cplt. ¶ 16). According to the complaint this man was actually appointed on October 7, 1979. Plaintiff claims that defendant repeatedly denied her GS–9 employment in retaliation for the discrimination claim she filed in 1979 (cplt. ¶ 27).

Plaintiff filed an informal grievance protesting defendant's hiring decisions on November 16, 1979, and continued to pursue her claim through administrative channels.

---

1. Section 2401(a) provides in relevant part:

   Except as provided by the Contract Dispute Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues....

2. Plaintiff, citing *Stevens v. Tennessee Valley Authority,* 712 F.2d 1047 (6th Cir.1983), also asserts that § 2401(a) does not apply because she brings suit against Thomas Turnage, Administrator of the Veterans Administration, and not against the United States. After thoroughly analyzing the legislative history of the Tennessee Valley Authority (TVA) and § 2401, the court in *Stevens* held that while the TVA could perform certain acts on behalf of the government, Congress intended that "for ordinary purposes of litigation, suits against the TVA are not suits against the United States." *Id.* at 1051. Thus the *Stevens* court held that the TVA presented a special case and did not develop a general rule that, unless specifically named, the United States is not a defendant in civil actions brought against federal agency officials. Plaintiff has proffered no case law or argument supporting a position that the VA presents an exceptional case and is specifically exempted from § 2401.

Plaintiff filed a formal age discrimination complaint with the VA on March 11, 1980. Her case was assigned to an investigator over two and-a-half years later, on February 7, 1983 (cplt. ¶ 21). The investigator concluded that plaintiff had suffered discrimination and retaliation for her earlier complaint and defendant made a settlement offer which plaintiff refused (cplt. ¶¶ 22–24).

On December 31, 1984, the government entered a final finding of no discrimination and denied plaintiff all relief (cplt. ¶ 24). A letter accompanying this decision informed plaintiff that she could appeal to the Equal Employment Opportunity Commission (EEOC) and referred her to "Section 633a of Title 29 of the United States Code" to determine her "rights of judicial review" (mem. sup. mo. to dis. exh. 2 at 2). The letter also advised plaintiff to seek legal assistance "regarding the statutory limitation period within which suit must be filed" (mem. sup. mo. to dis. exh. 2 at 2).

Plaintiff filed an EEOC appeal on January 19, 1985, and on June 24, 1987 the EEOC denied plaintiff relief and notified her of her right to sue (cplt. exh. A). Plaintiff claims she received a copy of this decision and notice on July 3, 1987, and she filed the current complaint approximately three weeks later.

## DISCUSSION

### I. Motion to Dismiss

The government moves to dismiss and files supporting exhibits but the motion does not reveal under which federal rule the government so moves. If the government intended to file under Rule 12(b)(6) of the Federal Rules of Civil Procedure (failure to state a claim), then the attached evidentiary material would convert the motion to one for summary judgment under Fed.R.Civ.P. 56. The Seventh Circuit Court of Appeals has concluded that, based on considerations of sovereign immunity, statutes of limitations in most suits against the federal government are jurisdictional, *Diliberti v. United States*, 817 F.2d 1259, 1261 (7th Cir.1987); *Crawford v. United States*, 796 F.2d 924, 927–28 (7th Cir.1986)

(collecting cases), and specifically when employment discrimination claims are filed against the federal government such statutes create a prerequisite to federal court jurisdiction. *Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir.1987) (collecting cases); *Sims v. Heckler*, 725 F.2d 1143, 1145–46 (7th Cir.1984). Thus we assume that the government moves to dismiss under Rule 12(b)(1) (lack of subject matter jurisdiction) and treat the motion accordingly. *See Crawford*, 796 F.2d at 927.

To determine if subject matter jurisdiction exists, we review all evidence submitted by both parties on the issue. *See Western Transportation Co. v. Couzens Warehouse*, 695 F.2d 1033, 1038 (7th Cir.1982). The burden is on plaintiff to establish that the jurisdictional requirements are met. *Kontos*, 826 F.2d at 576; *Western Transportation Co.*, 695 F.2d at 1038. Since defendant challenges the factual basis for jurisdiction, plaintiff—the nonmoving party—must submit evidence to resolve the dispute regarding our jurisdiction over this matter. *See Kontos*, 826 F.2d at 576; *Crawford*, 796 F.2d at 927. Both parties have filed exhibits that they claim support their respective positions.

### II. Jurisdictional Analysis

We begin with the well-established principle that § 2401(a) is not an ordinary statute of limitations but is a condition on the government's waiver of sovereign immunity and must be narrowly construed. *See United States v. Mottaz*, 476 U.S. 834, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986); *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). In contrast to the filing requirements in suits against private employers, which are subject to equitable defenses such as estoppel, waiver and tolling, *Kontos*, 826 F.2d at 576, the grounds for tolling statutes of limitations against the government are more limited, *Swietlik v. U.S.*, 779 F.2d 1306, 1311 (7th Cir.1985), and there is a firm presumption against estopping the federal government from asserting its legal rights. *Sims*, 725 F.2d at

1146. Absent "affirmative misconduct" the government may not be estopped from asserting a defense. *Id.*

■ Applying these principles to the current case, we hold plaintiff's action is barred by § 2401(a) and find no indication in the record that the government's delay in processing plaintiff's administrative claim amounts to an act of affirmative misconduct which would estop the government from raising the statute of limitations defense.[3]

■ Plaintiff was not required to pursue her claims administratively before filing her complaint in federal court. The ADEA provided plaintiff with the option of pursuing an administrative remedy or proceeding directly to federal court. *See Castro v. United States,* 775 F.2d 399, 403 (1st Cir. 1985) *(per curiam ).*[4] Where a party "is compelled to resort to administrative proceedings" before he can initiate a federal action, the Supreme Court has held that the federal cause of action first accrues under § 2401 when the administrative proceedings have been completed and the person challenging the agency action can bring suit in court. *Crown Coat Front Co. v. United States,* 386 U.S. 503, 510–514, 87 S.Ct. 1177, 1181–83, 18 L.Ed.2d 256 (1967). However, where, as here, administrative proceedings are not required before a civil action may be brought, a cause of action first accrues when the injury occurs and suit may be brought. *Spannaus v. U.S. Dept. of Justice,* 824 F.2d 52, 57 (D.C.Cir. 1987). *See, e.g., Soriano,* 352 U.S. at 274–76, 77 S.Ct. at 272–73 (interpreting language practically identical to § 2401 and holding war does not toll statute of limitations for action against federal government); *Walters v. Secretary of Defense,* 725 F.2d 107, 114 (D.C.Cir.1983) (under § 2401(a) cause of action accrues when plaintiff suffers alleged disadvantage); *Boruski v. United States,* 493 F.2d 301, 304 n. 5 (2d Cir.1974) *(per curiam ), cert. denied,* and *appeal dismissed,* 419 U.S. 808, 95 S.Ct. 20, 42 L.Ed.2d 34, *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2419, 44 L.Ed.2d 681 (1975) (same).

Plaintiff chose to follow the administrative course to conclusion rather than bypassing it entirely or somewhere in the process by seeking direct judicial review. While it seems harsh that plaintiff should suffer in large part due to the government's delay, we find this result consistent with the traditional interpretation of statutes of limitations in suits against the federal government. Further, the harshness is very much mitigated by the fact that while plaintiff neither obtained the forum nor the relief she now desires, she did receive a considered review of her age discrimination claim. Plaintiff has every reason to feel aggrieved by the excrutiatingly slow pace of what should be an expeditious governmental process. We do not believe, however, that the law permits a second *de novo* consideration of a personnel decision occurring almost eight years before.

## CONCLUSION

For the foregoing reasons we hold that plaintiff's claim is barred under § 2401(a) and we lack subject matter jurisdiction to consider the claim. We therefore grant defendant's motion to dismiss.

3. Counter to plaintiff's assertions, there is no evidence that the government affirmatively misled plaintiff regarding her ability to bring a civil suit. *See* defendant's reply memorandum, exhs. 1, 2.

4. Plaintiff, citing *Castro,* 775 F.2d at 404, argues that once she filed an administrative complaint she was required to exhaust her administrative remedies, which she claims included her appeal of the EEOC's December 31, 1984 decision (mem. opp. mo. to dis. at 8). The court in *Castro* dismissed the plaintiff's suit after finding that he had voluntarily abandoned his administrative claim to initiate a civil action and had failed to exhaust his administrative remedies. In *Castro* the court was not presented with a statute of limitations problem and there is no indication that the plaintiff's claim would have been dismissed if he had vigorously pursued his administrative remedies and, upon approaching the six-year deadline, filed in court to preserve his federal claim. Indeed, this court has found no case barring an ADEA claim on exhaustion grounds when the federal action was filed to preserve the right of judicial review.