Vincent RIZZI, Plaintiff,

v.

CALUMET CITY, a municipal corporation, Jerry Genova, in his official and personal capacities, Defendants.

No. 97 C 7311.

United States District Court, N.D. Illinois, Eastern Division.

July 21, 1998.

Donna Ann Hickstein–Foley, Michael J. Foley, Foley and Foley, Chicago, IL, for Plaintiff.

John J. Jawor, The Jawor Law Firm, Woodridge, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is a motion filed by defendant Calumet City. This motion is defendant's motion to dismiss count III of plaintiff Vincent Rizzi's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the court grants defendant's motion to dismiss.

### I. BACKGROUND

Defendant Calumet City hired plaintiff Vincent Rizzi ("Rizzi") as a probationary police officer on June 14, 1996. Rizzi alleges that pursuant to the policies of Calumet City, he established residence within the boundaries of the municipality. Rizzi further alleges that on June 14, 1997, defendant Calumet City Mayor Jerry Genova extended Rizzi's probationary period by an additional ninety days during which time he required Rizzi to purchase a residence within the boundaries of Calumet City, move his wife and children into the residence and enroll his children in Calumet City schools. Rizzi did not purchase a residence within the ninety day period. Calumet City moved to terminate Rizzi's employment on September 15, 1997. .

On October 20, 1997, Rizzi brought this three count complaint against defendants pursuant to 42 U.S.C. § 1983. Count III is a state law claim for administrative review of Rizzi's termination. The plaintiff has brought this suit alleging that the court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and over the state law claim pursuant to 28 U.S.C. § 1367.

## II. DISCUSSION

■ Defendant has filed a motion to dismiss count III of Rizzi's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). When a motion to dismiss is based on a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b)(6) defenses, the court should consider the Rule 12(b)(1) challenge first. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946). If the court dismisses count III of the complaint for lack of subject matter jurisdiction, the accompanying defense becomes moot and need not be addressed.

### A. Standard for a motion to dismiss under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss an action for lack of jurisdiction over the subject matter. FED.R.CIV.P. 12(b)(1). On a 12(b)(1) motion, the plaintiff bears the burden of persuading the court that subject matter jurisdiction exists. *Kontos v. United States Dept. of Labor,* 826 F.2d 573, 576 (7th Cir.1987). When a party moves for dismissal under Rule 12(b)(1) challenging the factual basis for jurisdiction, the nonmoving party must support its allegations with competent proof of jurisdictional facts. *Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *Kontos,* 826 F.2d at 576. Affidavits and other relevant evidence may be used to resolve the factual dispute regarding the court's jurisdiction. *Kontos,* 826 F.2d at 576.

### B. Subject matter jurisdiction

■ Calumet City argues that count III must be dismissed because this court lacks subject matter jurisdiction to adjudicate Rizzi's rights, if any, under the Illinois Administrative Review Act ("ARA"). For the reasons set forth below, Calumet City's motion to dismiss count III for lack of jurisdiction is granted.

■ The general rule under the ARA is that a party aggrieved by an agency action must pursue all available administrative remedies before seeking judicial review. 735 ILL.COMP.STAT. 5/3–101 (West 1994); *Phillips v. Graham,* 86 Ill.2d 274, 56 Ill.Dec. 355, 427 N.E.2d 550 (1981). Rizzi's complaint does not allege that he demanded or received a hearing with the Police and Fire Commission. Therefore, Rizzi has not exhausted his administrative remedies and this court lacks subject matter jurisdiction over count III.

Accordingly, defendant's motion to dismiss count III for lack of subject matter jurisdiction is granted. As the court lacks subject matter jurisdiction over count III, the argument raised to support defendant's motion to dismiss pursuant to Rule 12(b)(6) is rendered moot.

## III. CONCLUSION

For the foregoing reasons, the court grants Calumet City's motion to dismiss count III of Rizzi's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). In the event that Rizzi can amend his complaint to sufficiently plead exhaustion, the court will grant Rizzi leave to file an amended complaint consistent with this order. Accordingly, Rizzi is given until August 4, 1998 to amend count III of his complaint.