**Tina MIZWICKI, Plaintiff–Appellant,**

v.

**Gerald HELWIG, D.C., P.C. and Archer Service Corporation, Ltd. d/b/a Midwest Chiropractic Care Center, Defendants–Appellees.**

No. 98–3577.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 28, 1999.

Decided Nov. 15, 1999.

Ernest T. Rossiello (argued), Rossiello & Associates, Chicago, IL, for Plaintiff–Appellant.

Eric G. Patt (argued), Robbins, Salomon & Patt, Chicago, IL, for Defendants–Appellees.

Before BAUER, FLAUM and DIANE P. WOOD, Circuit Judges.

BAUER, Circuit Judge.

Tina Mizwicki ("Mizwicki") filed suit against two defendants under Title VII of the Civil Rights Act of 1964 for alleged sexual harassment which she claims resulted in her constructive discharge. At the close of her case in chief, the district court granted defendants' motion for judgment as a matter of law, finding that Mizwicki presented insufficient evidence that either defendant was an "employer" as Title VII defines that term. Mizwicki appeals. We affirm.

## I. BACKGROUND

Plaintiff Tina Mizwicki began working for Gerald D. Helwig and his partners, chiropractic doctors, in January, 1994. Mizwicki began her employment in the office on Pulaski Avenue,[1] but in January, 1996 moved to the office on Archer Avenue.[2] She continued working there until she quit in July, 1996, claiming that sexual harassment by Dr. Helwig forced her to leave.

Dr. Helwig and his partners operate out of several offices, each one doing business under the name "Midwest Chiropractic Care Center." Each office is separately incorporated, and except for shared administrative personnel, separately staffed (although employees can be loaned or temporarily assigned to a different office). Dr. Helwig has an ownership interest in all of the corporations doing business as Mid-

west Chiropractic Care Center except one which is not in dispute here.

Mizwicki's Complaint originally named only Gerald E. Helwig, D.C., P.C. d/b/a Midwest Chiropractic Care Center ("Helwig"), but after Helwig denied it was her employer, she amended her Complaint to add Archer Service Corporation d/b/a Midwest Chiropractic Care Center ("Archer") as an additional defendant. Archer responded to the Amended Complaint by filing a motion to dismiss alleging that the court lacked jurisdiction because it did not have the requisite fifteen employees required by § 2000e(b) of the Act. Archer's motion was eventually denied but it prompted the plaintiff to request discovery not only of Archer's payroll records but Helwig's payroll records as well. Plaintiff argued the two corporations were integrated and sought to treat them as a single employer for Title VII purposes.[3]

At a hearing on Mizwicki's motion for additional discovery, the court ordered Archer to produce redacted copies of its payroll records. Plaintiff, at the hearing, did not ask the district court to require Helwig to produce any payroll records and did not object to the court's order requiring only Archer to turn over records. Indeed, the issue of Helwig's payroll records did not arise again until Mizwicki subpoenaed them for trial.

During the trial, Mizwicki failed to introduce either defendant's payroll records, offered no documentary proof and elicited only the guess of Dr. Helwig as to the number of defendants' employees. At the conclusion of Mizwicki's case, the district court granted judgment for both defendants as a matter of law, finding that Mizwicki failed to prove either defendant was an employer under Title VII.

---

1. The Pulaski office is owned by defendant Gerald E. Helwig, D.C., P.C. d/b/a Midwest Chiropractic Care Center.

2. The Archer Avenue office is owned by defendant Archer Service Corporation, Ltd. d/b/a Midwest Chiropractic Care Center.

3. During discovery Mizwicki sought information demonstrating that all Midwest Chiropractic Care Centers were so interrelated to be one for the purpose of proving that defendants were employers as defined under § 2000e(b) of the Act.

## II. DISCUSSION

On appeal Mizwicki raises a plethora of arguments which she believes entitle her to a new trial. Among them: (1) the district court erroneously granted judgment as a matter of law to Helwig because Helwig never challenged its status as an employer under Title VII, (2) Helwig's failure to challenge its Title VII status was an admission that it had at least fifteen employees, (3) she presented sufficient evidence to submit to the jury the issue of whether Helwig and Archer were integrated corporations and thus a single employer for Title VII purposes, (4) Dr. Helwig's testimony as to the number of employees was sufficient to submit the issue to the jury, (5) she was prejudiced by the district court's failure to conduct a final pre-trial conference during which the issues for trial (i.e., Helwig's challenge to its status as an employer) would have been clarified, and (6) the district court abused its discretion when it refused to compel all defendants to produce all payroll records for all locations.

■ Because we affirm the district court's finding that Mizwicki failed to present sufficient evidence of the number of workers employed by either defendant, we do not reach the issue of whether the defendants were integrated and thus a single employer under Title VII. As to the district court's order granting judgment as a matter of law, we review that *de novo. Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1013 (7th Cir.1997). We will reverse the district court's ruling only if enough evidence exists that could sustain a verdict in the plaintiff's favor. *Continental Bank, N.A. v. Modansky*, 997 F.2d 309, 312 (7th Cir.1993) (citation omitted).

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees based on sex. 42 U.S.C. § 2000e-2(a). Accordingly, for Mizwicki to sustain her cause of action, she was required to prove that the defendants were her employers. The statute defines an employer as an entity "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).

■ The United States Supreme Court has held that under 42 U.S.C. § 2000e(b) the payroll method should be used to determine whether an employment relationship exists between an individual and the alleged employer. *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 205–207, 117 S.Ct. 660, 663–64, 136 L.Ed.2d 644 (1997). This is because "the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." *Id.* Under this method, to establish that the defendant is a Title VII employer, the plaintiff must introduce evidence of defendant's payroll records to prove that fifteen or more employees appeared on the employer's payroll for twenty or more calendar weeks in either the year of the alleged violation or the preceding year. *Walters*, 519 U.S. at 206, 117 S.Ct. at 663. *See also Abbott v. Minooka Volunteer Fire Department*, 1998 WL 102719 (N.D.Ill.).

■ Here, Mizwicki alleges that she was subjected to a sexually hostile work environment during the entire time of her employment from 1994 through 1996. Thus, at trial, using the payroll method, she could have introduced Helwig's payroll records for the years 1993 through 1995 and Archer's payroll records for the year 1996. She did not. Instead, she relied solely on the testimony of Dr. Helwig who guessed that collectively, all of the corporations doing business as Midwest Chiropractic Care Center may have had between 20 and 50 employees in 1996. She contends that the testimony of this one person without any further documentary proof was sufficient to raise factual issues for the jury to decide. We disagree.

The plaintiff presents Dr. Helwig's testimony as if it were a certainty. That is hardly the case. Dr. Helwig did finally

say that all of the corporations may have had between 20 and 50 employees, but only after plaintiff's counsel repeatedly prodded him into making that guess. Time and again, Dr. Helwig stated that he did not know how many employees there were and that any number given by him would be "a complete guess." This is hardly the evidence required by the Supreme Court under *Walters* and certainly not sufficient, alone, to present the issue to the jury.

In *Ost v. West Suburban Travelers Limousine*, 88 F.3d 435 (7th Cir.1996), we held that the submission of an affidavit by the plaintiff that she had become familiar with the defendant's "office arrangement" and that she determined that the defendant had at least twelve full time employees and at least twelve part time employees failed to establish that the defendant was an employer under Title VII. 88 F.3d at 438–440. We rejected this evidence even though Ost had reviewed timesheets and other business records before making the affidavit.

In this case, Mizwicki is in an even weaker position than Ost. Helwig never testified to having reviewed timesheets, payroll or any other records before giving his estimate. Although he is a shareholder in all of the corporations except one, we do not believe that fact is enough to raise his testimony above what it admittedly was: speculation. The district court characterized it as "at best, ... [an] off-the-cuff estimate." That seems apt.

Under the payroll method set forth in *Walters*, the plaintiff is required to show that at least fifteen employees were on the defendant's payroll for twenty weeks during the year of, or preceding, the alleged harassment. *Komorowski v. Townline Mini–Mart and Restaurant*, 162 F.3d 962, 965–966 (7th Cir.1998); *Vickery v. Minooka Volunteer Fire Department*, 990 F.Supp. 995, 998 (N.D.Ill.1997). Mizwicki clearly failed to do this as to both defendants. The district court therefore prop-

erly granted judgment for the defendants as a matter of law.

■ Mizwicki would like us to change this result as to Helwig because she believes that Helwig admitted it had at least fifteen employees during the relevant time. She claims that Helwig never challenged its Title VII status, and the failure to do so was an admission that it had at least fifteen employees. In short, it is an "if you don't challenge it I don't have to prove it" attitude. This argument ignores the fact that Helwig did deny that it was an employer within the meaning of the Act. Several times.

On May 16, 1997 Helwig filed an amended answer and affirmative defenses to Plaintiff's Complaint. In ¶ 2 of her Complaint, Mizwicki alleges that "Defendant is an employer within the meaning of the Act." Helwig denied the allegation. Since the Act requires the defendant to employ fifteen or more persons, Helwig's denial was a denial that it had fifteen or more employees for twenty or more weeks during the year of or proceeding the alleged harassment. Helwig's original answer admitted the allegation, but in its motion for leave to file the amended answer it specifically stated that "[i]t was determined ... that Dr. Helwig's response to the allegations in paragraph number 2 of Plaintiff's Complaint is incorrect." Thus Mizwicki was clearly on notice that Helwig was denying that it was a Title VII employer.

Furthermore, Helwig filed an affirmative defense stating that it was not plaintiff's employer "within the meaning of Title VII of the Civil Rights Act." Also, on June 2, 1997, Helwig filed a motion to dismiss claiming the plaintiff was employed by Archer, not it. In that motion, Helwig stated that it did not employ Mizwicki during the relevant time and was "not otherwise an 'employer' under the Act." Thus, contrary to Mizwicki's assertions, Helwig did challenge its Title VII status. It denied being an employer within the meaning of the Act, making it incumbent

upon plaintiff to prove otherwise. Which she did not do.

Plaintiff next claims that if the district court had held a pretrial conference the issues for trial would have been clarified and a "program for facilitating the admission of evidence" set. In short, she would have discovered that there was a challenge by Helwig as to the number of employees on its payroll and corrected her trial strategy in time to avoid what happened here. There is no requirement that the court hold a pretrial conference. Rule 16(a), Fed.R.Civ.P. A district court's discretionary order should not be disturbed on review unless it is clear that no reasonable person would rule as did the district court judge. *McClain v. Owens–Corning Fiberglas Corp.*, 139 F.3d 1124, 1126 (7th Cir.1998); *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 339 (7th Cir. 1987); *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir.1985). Since the district court has broad powers to determine the proper method of preparing a case for trial, we cannot say that the district court abused its discretion here.

Mizwicki argues lastly that the district court erred in not ordering the production of all the Midwest Chiropractic Care Centers' payroll.records. She rightly argues that if she cannot obtain the records from the defendants through discovery it is wrong to penalize her for failing to introduce them as evidence at trial. However, Mizwicki's failure to obtain the payroll records was of her own doing, not the court's error.

With her answer to Archer's motion to dismiss, Mizwicki filed a motion requesting additional discovery on the issue of the number of defendants' employees. Her motion did seek Helwig's payroll records. At the hearing, however, Mizwicki never requested Helwig's records. The sole issue brought before the court was the production of Archer's records. As the district court granted that request, and Mizwicki never requested that the or-

der include the production of Helwig's payroll records, the plaintiff cannot now argue that the district court abused its discretion. The order of the district court regarding the production of the defendants' payroll records is thus affirmed.

## III. CONCLUSION

The United States Supreme Court has held that the proper method for proving an employment relationship in a Title VII case is the "payroll method." *Walters,* 519 U.S. 202, 117 S.Ct. 660, 136 L.Ed.2d 644. Although that does not necessarily mean that the employer's payroll records must be introduced as evidence at trial, it does mean that some evidence of those records must be presented for the plaintiff to prove her case. Here, there was a complete absence of any such evidence. For that reason, the district court correctly granted judgment for the defendants as a matter of law. We affirm the district court's judgment.

AFFIRMED.