**ROEDEL–HANSON AND ASSO-CIATES, INC., d/b/a RDM AND ASSOCIATES, INC., Plaintiff,**

v.

**ENVIRONAMICS CORP., Defendant.**

No. 02–C–0516.

United States District Court,
E.D. Wisconsin.

Jan. 29, 2003.

Andrew H. Morgan, for Plaintiff or Petitioner.

M. Nicol Padway, Roxana Marchosky, for Defendant or Respondent.

### DECISION AND ORDER

ADELMAN, District Judge.

Plaintiff Roedel–Hanson and Associates, Inc. ("RDM"), a Wisconsin corporation whose principal place of business is Wisconsin, brings this diversity action against Environamics Corporation, a Delaware corporation whose principal place of business is New Hampshire, alleging that de-

fendant violated § 135.045 of the Wisconsin Fair Dealership Act, Wis. Stat. § 135.045. Plaintiff contracted with defendant to distribute defendant's products (pumps and seals) in the Wisconsin and upper Michigan areas and alleges that defendant violated the statute when, after terminating the contract, it declined to buy back the inventory that plaintiff had purchased.

Defendant moves to dismiss the complaint: (1) pursuant to Fed.R.Civ.P. 12(b)(1) on the ground that the court lacks subject matter jurisdiction because the amount in controversy is less than $75,000; (2) pursuant to Fed.R.Civ.P. 12(b)(4), on the ground that service of process was insufficient; and (3) pursuant to Fed. R.Civ.P. 12(b)(6) on the ground that plaintiff fails to state a claim upon which relief may be granted because the applicable statute of limitations expired before the action was commenced. Alternatively, defendant asks that the case be stayed pending resolution of a case involving the same parties pending in state court in New Hampshire.[1]

### I. FACTS

In July 1996, plaintiff entered into an agreement to distribute defendant's products, and, in March 1997, the agreement was amended to expand plaintiff's territory. The agreement included a provision stating that it was governed by New Hampshire law.

In January 2001, defendant terminated the agreement. Subsequently, the parties discussed the possibility of defendant repurchasing the inventory that it had sold to plaintiff but could not reach agreement.

---

**1.** Defendant has also filed an unopposed motion to strike. Before filing its motion to dismiss, defendant filed a document entitled "Plaintiff's Summary Statement." I construed this as an answer, as it followed the complaint. Defendant now states that the document is irrelevant, was filed in error and requests that it be stricken pursuant to Fed. R.Civ.P. 12(f). This motion will be granted.

In January 2002, defendant commenced a declaratory judgment action against plaintiff in state court in New Hampshire raising the same issues that plaintiff raises in the present case. In May 2002, plaintiff commenced the present action by serving a copy of the complaint on defendant's receptionist.

Additional facts will be stated in the course of the opinion.

## II. DISCUSSION

■ I first address the issue of subject matter jurisdiction. Title 28 U.S.C. § 1332 requires that in diversity cases the amount in controversy exceed $75,000. As the party seeking the federal forum, plaintiff bears the burden of establishing that the amount in controversy requirement is met. *NLFC, Inc. v. Devcom Mid–Am., Inc.,* 45 F.3d 231, 237 (7th Cir.1995). If a plaintiff alleges in good faith that the amount in controversy exceeds $75,000, and the defendant does not contest the allegation, courts will accept plaintiff's allegation unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir.1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)) (internal quotation marks omitted).

■ However, where, as here, the defendant challenges the plaintiff's allegation of the amount in controversy, the plaintiff must support its assertion with competent proof. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Competent proof means proof to a reasonable probability that jurisdiction exists. *Gould v. Artisoft, Inc.,* 1 F.3d 544, 547 (7th Cir.1993). In addressing the question of whether there is a reasonable probability that jurisdiction exists, I may review affidavits and other evidence. *Kontos v. U.S. Dep't of Labor,*

826 F.2d 573, 576 (7th Cir.1987). Further, I am permitted to weigh such evidence and resolve factual disputes in order to determine whether plaintiff has satisfied its burden. *Ind. Bell Tel. Co. v. Smithville Tel. Co.,* 31 F.Supp.2d 628, 635 (S.D.Ind.1998).

■ Wis. Stat. § 135.045 provides that when a dealership is terminated by a grantor, the grantor, at the option of the dealer, must repurchase all inventories sold by the grantor to the dealer for resale at "the fair wholesale market value." Plaintiff contends that the fair market wholesale value of such inventory in its possession exceeds $75,000. Section 135.045 does not define "fair wholesale market value" nor do Wisconsin cases. Thus, I will determine the meaning of the phrase as I believe the Wisconsin Supreme Court would if required to do so. *See Allstate Ins. Co. v. Menards, Inc.,* 285 F.3d 630, 636–37 (7th Cir.2002).

The word "wholesale" refers to "the sale of commodities, in quantity usually for resale (as by a retail merchant)." *Merriam–Webster's Collegiate Dictionary* 1351 (10th ed.1993). Therefore, in the absence of contractual language to the contrary or some other special circumstances, the fair wholesale market value of goods is the wholesale price. In the present case, it is undisputed that the wholesale price of the goods was $62,896.48. The contract between the parties authorized defendant to establish the wholesale price and plaintiff to set the retail price. (*See* Compl. Ex. A at ¶ XI.) Defendant set the wholesale price at $62,896.98, and plaintiff paid it.

Plaintiff argues that fair wholesale market value is not the same as the "cost price." According to an affidavit from its sales manager, Mickey D'Allesandro, based on a "discount multiplier sheet," plaintiff determined that the fair wholesale market value of the goods was eighty-three percent of the retail price or

$86,382.93. However, I conclude that the Wisconsin Supreme Court would find that plaintiff's argument that the fair wholesale market value is different from the price that it paid for the goods unpersuasive. As indicated, "wholesale" refers to the sale of commodities in bulk for resale, precisely the type of sale that defendant made to plaintiff. Thus, the fair wholesale market value of the commodities was the wholesale price.

 Plaintiff offers no compelling rationale for calculating the wholesale value in some other way nor does it explain the logic behind its own methodology. Plaintiff's argument is further undercut by the fact that it offered to sell the goods back to defendant for $62,896.98. Finally, the notion that the wholesale fair market value of goods is thirty percent higher than the price paid to the wholesaler runs counter both to the dictionary definition of "wholesale" and to common understanding. Statutes should be construed to "avoid unreasonable and absurd results." *NCR Corp. v. Dep't of Revenue*, 128 Wis.2d 442, 456, 384 N.W.2d 355 (Ct.App.1986).

For the foregoing reasons, I find that the fair wholesale market value of the inventory possessed by plaintiff that it purchased from defendant is $62,896.98. Plaintiff makes no argument that the potential damages in the case are greater than the fair wholesale market value of the inventory. *Cf. Kealey Pharm. & Home Care Servs., Inc. v. Walgreen Co.*, 761 F.2d 345, 352 (7th Cir.1985) (upholding award of damages that included overhead costs and other costs of sale). Thus, plaintiff fails to establish by competent proof that there is a reasonable probability that the amount in controversy exceeds $75,000 and, accordingly, I lack subject matter jurisdiction.

Therefore,

**IT IS ORDERED** that defendant's motion to strike is **GRANTED.**

**IT IS FURTHER ORDERED** that this case must be and is **DISMISSED.**

**FINALLY, IT IS ORDERED** that defendant's motions to appear pro hac vice is **DENIED** as moot.